**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JUAN GONZALES-RUIZ, : | |
| : | Criminal Action No. 02-639 |
| Petitioner, : | |
| : | **OPINION** |
| v. : | |
| : | |
| UNITED STATES, : | |
| : | |
| Respondent. : | |

**Appearances:**

Juan Gonzales-Ruiz
PO Box 779800, D, LOW
FCI
Miami, FL 33177
    Pro se

Stephen Stigall, Esquire
United States Attorney
District of New Jersey
Camden Federal Building & U.S. Courthouse
401 Market Street, 4th Floor
Camden, NJ 08101
    Attorney for the United States

**RODRIGUEZ, Senior District Judge.**

This matter comes before the Court on Petitioner's request for sentencing adjustment pursuant to 18 U.S.C. § 3582. For the reasons set forth below, Petitioner's request will be denied.

1

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On August 22, 2002, Petitioner pled guilty before this Court to a one-count information, which alleged that on or about December 7, 2001, at Suffolk County in the Eastern District of New York, he, being an alien and having departed the United States while an Order of Deportation and Removal was outstanding, knowingly and willfully re-entered and was found in the United States, in violation of 8 U.S.C. §§ 1326 (a) and 1326(b)(2).  On February 19, 2003, Petitioner was sentenced by this Court to a term of imprisonment of 57 months, followed by a term of supervised release of three years.

## DISCUSSION

Petitioner urges this Court to modify his sentence by either reducing it to 54 months imprisonment to reflect credit for time served or recalculating his criminal history category from a IV to a III putting him in the range of 46 to 54 months.  (Pet. Br., pp. 2, 5.)  The government argues that this Court is without jurisdiction to modify Petitioner's sentence under 18 U.S.C. § 3582 because he has failed to meet the statutory requirements.

Title 18 U.S.C. § 3582 provides, in pertinent part, that the sentencing court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently

>>imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>>(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court ay reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582 (2002). Therefore, the sentencing court may only alter a term of imprisonment: (1) upon motion of the Director of the Bureau of Prisons; (2) as allowed by statute or under Rule 35 of the Federal Rules of Criminal Procedure; or (3) when the Sentencing Commission lowers a sentencing range on which the defendant's sentence was based.

Here, the Director of the Bureau of Prisons has not requested that the Court modify Gonzales-Ruiz's sentence. In addition, the Sentencing Commission has not lowered the sentencing range on which the defendant's sentence was based.[1] Therefore, in order to prevail, Gonzales-Ruiz must establish that his sentence should be modified pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

---

[1] To the extent that Gonzales-Ruiz argues that the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), is equivalent to the Sentencing Commission lowering the sentencing range on which the defendant's sentence was based, the argument is rejected. See United States v. Price, ___ F.3d ___, No. 05-5177, 2006 WL 337596 (10th Cir. Feb. 14, 2006) (holding that Booker does not support a sentence reduction pursuant to 18 U.S.C. § 3582).

Rule 35 states, in pertinent part, that "the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a) (2004). However, Rule 35 requires that such an adjustment be made within seven days after sentencing. Id. Although none of Gonzales-Ruiz's arguments address an arithmetical, technical, or other clear error at his sentencing, it is unnecessary to reach this discussion because the Court does not have jurisdiction since more than two years have elapsed. Accordingly, Gonzales-Ruiz's motion will be denied.

## CONCLUSION

Based on the foregoing, Gonzales-Ruiz request for sentencing adjustment pursuant to 18 U.S.C. § 3582, will be denied.

An appropriate Order will issue this date.


/s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ, U.S.D.J.

DATED: March 14th, 2006